UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN DWAYNE THERIOT,

        Plaintiff,        Case No. 2:08-cv-300

v.        Honorable R. Allan Edgar

JEFFERY WOODS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is presently incarcerated at Kinross Correctional Facility (KCF). Plaintiff received a major misconduct ticket on July 31, 2008. He dictated his statement to the hearing investigator, but the hearing investigator did not type it correctly. The hearing investigator refused Plaintiff's request to re-type the statement with the correct information. Plaintiff's hearing was held on August 19, 2008. While waiting in the hallway, Plaintiff overheard the hearing investigator tell the hearing officer how to rule on Plaintiff's case and what sanctions to impose. Plaintiff was found guilty. On August 21, 2008, Plaintiff received another major misconduct ticket based upon false allegations. Plaintiff sent a message regarding the false allegations to the Warden and Case Manager. The Case Manager refused to investigate, and the Warden did not respond.

Plaintiff states that the KCF staff has engaged in corruption and illegal conspiracies, and violated numerous Michigan statutory provisions. He brings this suit against KCF Warden Jeffrey Woods, and KCF employees Kevin Alford, David Theut, Unknown Suriano, Unknown Stillenbauer, Louie Belenger, Bonne C. Bunit, Unknown Party, Unknown Maclean, and the Michigan Department of Corrections. For relief, Plaintiff seeks monetary damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements

to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  Michigan Department of Corrections

Plaintiff has named as a Defendant the Michigan Department of Corrections (MDOC). Plaintiff, however, may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated

Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the complaint against the Michigan Department of Corrections must be dismissed.

B.   Due Process

Plaintiff claims that in retaliation for his numerous grievances and letters to state officials, he was charged and convicted of false misconduct charges. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in a series of cases, the most pertinent of which is *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court has held that claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under

§ 1983 until the conviction has been overturned.[1] *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The *Edwards* Court relied upon *Heck v. Humphrey*, 512 U.S. at 486-87, which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007); *Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges).

In *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights

---

[1] Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Major Misconduct Hearing Report is received. MICH. COMP. LAWS § 791.254; MICH. DEP'T OF CORR. Policy Directive 03.03.105, ¶ DDD (effective Jan. 1, 2007). Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.

action may be filed only in cases where the duration of the prisoner's sentence is affected. *Id.*; *Thomas*, 481 F.3d at 439; *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004). The Court noted that "[t]he effect of disciplinary proceedings on good-time credits is a matter of state law or regulation." *Muhammad*, 540 U.S. at 754. Under Michigan law, a prisoner loses good-time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated good-time credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good-time credits for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, 102 F. App'x 900, 901 (6th Cir. 2004). Therefore, this action is barred under *Heck* until Plaintiff's misconduct convictions have been invalidated.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:      2/26/09                              */s/ R. Allan Edgar*
                                            R. Allan Edgar
                                            United States District Judge